**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

NANCY PAMPLIN,

                 Plaintiff,

v.                                    Case No. 05-73620
                                     HON. MARIANNE O. BATTANI

JOHN E. POTTER, Postmaster General for the
United States,

                 Defendant.
_____/

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION
<u>FOR JUDGMENT ON THE PLEADINGS</u>**

      Before the Court is Defendant John E. Potter's Motion for Judgment on the
Pleadings (Doc. No. 3). The Court has reviewed the pleadings, and in accordance with
E. D. Mich. LR 7.1(e)(2), the Court finds oral argument will not aid in the resolution of
this motion. For the reasons that follow, Defendant's motion is **GRANTED**.

**I. STATEMENT OF FACTS**

      Plaintiff, Nancy Pamplin, filed her federal employment discrimination suit pursuant
to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-16, and the
Rehabilitation Act of 1973, 29 U.S.C. § 701 et seq. See Compl. at ¶ 1. Pamplin worked
for the United States Postal Service. She worked as a clerk at the Howell, Michigan Post
Office. Defendant John E. Potter is the Postmaster General of the United States Postal
Service.

      The facts are largely undisputed. Plaintiff Nancy Pamplin contacted an EEO

1

counselor in January 2001, regarding conduct occurring during the course of her employment at the Howell Michigan Post Office.  On May 15, 2001, she filed a formal EEO complaint, alleging that she was subjected to a hostile work environment because of her sex, religion and disability.  Def.'s Ex. 3.

Pamplin again contacted an EEO counselor on November 21, 2002, and on July 16, 2003, she filed a second formal EEO complaint, alleging that on October 23, 2003, she was discriminated against because of her religion, disability and in retaliation for her prior EEO activity.  The Equal Employment Opportunity Commission ("EEOC") administrative judge assigned to consider the claims consolidated them.  Plaintiff subsequently withdrew her sex discrimination claim.

The administrative judge heard her claims on April 21-23, 2004.  In the administrative judge's September 30, 2004 decision, she found no discrimination based on disability or retaliation; however, she did find that Plaintiff was subjected to a hostile environment from December 2000 to December 2001, because of religion.  Def.'s Ex. 11.  The administrative judge awarded Plaintiff $75,000 in compensatory damages, as well as $1,880 for counseling services, and $8,560 in attorney fees.  Id.

The Postal Service issued a notice of its intent to implement the decision on November 10, 2004.  Def.'s Ex. 12.  It issued a check to Plaintiff for the compensatory damages and the counseling services.  Def.'s Ex. 13.  The Postal Service also issued a check to plaintiff's attorney for the awarded fees.  Def.'s Ex. 14.

Plaintiff appealed the decision to the EEOC's Office of Federal Operations "OFO". In her appeal, Pamplin sought back and front pay.  On June 30, 2005, the OFO issued its final decision denying Plaintiff's appeal and affirming the final order implementing the

2

administrative judge's decision.  Def.'s Ex. 16.

Plaintiff subsequently filed this law suit.  She alleges religious discrimination (Count I), disability discrimination (Counts II and III), retaliation (Count IV), and sex discrimination (Count V).[1]  Pamplin's Complaint contains explicit exclusions.  She excludes "the first $75,000 dollars of emotional distress damages. . .the first $1,880 for counseling charges. . .and any and all attorney fees that may be due up to the date of the initial award of attorney fees by the Administrative Law Judge."  Def.'s Ex. 1, Compl. at ¶ 10.  Plaintiff does not exclude "any additional emotional stress damages in excess of $75,000 flowing from causes of action other than discrimination based on religion and for the periods of time referred to in the award, any counseling fees. . .in excess of $1880.00, outside of the period of time referred [to] in the award, or any attorney fees that may be due following the initial award of attorney fees by the Administrative Law Judge."  Id. at ¶ 11.  Finally, the Complaint provides "[b]y was of explanation and not limitation, that plaintiff still otherwise claims sex discrimination, religious discrimination (with full damages for period outside of those ruled on by the Administrative Law Judge), disability discrimination and retaliation, and damages in excess of those awarded [by the Administrative Law Judge]."  Id. at ¶ 12.

## II.  STANDARD OF REVIEW

A Rule 12(c) motion for judgment on the pleadings for failure to state a claim upon which relief can be granted is nearly identical to that employed under a Rule 12(b)(6) motion to dismiss.  EEOC v. J.H. Routh Packing Co., 246 F.3d 850, 851 (6th Cir.2001);

---

[1]In her Response to Defendant's Motion for Summary Judgment, Plaintiff consents to dismissal of her sex discrimination claim.  See Pl.'s Resp. at 1.

3

Grindstaff v. Green, 133 F.3d 416, 421 (6th Cir.1998).  When ruling on a defendant's motion to dismiss on the pleadings, a district court "must construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claim that would entitle him to relief."  Ziegler v. IBP Hog Market, Inc., 249 F.3d 509, 512 (6th Cir.2001) (citations omitted). The district court, however, need not accept as true legal conclusions or unwarranted factual inferences.  Lewis v. ACB Business Serv., Inc., 135 F.3d 389, 405 (6th Cir.1998).

## IV.  ANALYSIS

The parties dispute whether a federal employee bringing a civil action under 42 U.S.C. § 2000e-16(c) is entitled to litigate only those portions of an EEOC decision decided in favor of the defendant while binding the defendant on those portions of the decision decided in favor of the plaintiff.  In assessing the merit of the parties' positions, the Court directs its attention first to the plain language of the statute and then to case law interpreting the language.

> A federal employee may bring a discrimination claim in federal court to **enforce** final agency action or to **challenge** it. Within 90 days of receipt of notice of final action taken by a department, agency, or unit referred to in subsection (a) of this section, or by the Equal Employment Opportunity Commission upon an appeal from a decision or order of such department, agency, or unit on a complaint of discrimination based on race, color, religion, sex or national origin, brought pursuant to subsection (a) of this section, Executive Order 11478 or any succeeding Executive orders, or after one hundred and eighty days from the filing of the initial charge with the department, agency, or unit or with the Equal Employment Opportunity Commission on appeal from a decision or order of such department, agency, or unit until

4

> such time as final action may be taken by a department,
> agency, or unit, an employee or applicant for employment, if
> aggrieved by the final disposition of his complaint, or by the
> failure to take final action on his complaint, may file a civil
> action as provided in section 2000e-5 of this title, in which
> civil action the head of the department, agency, or unit, as
> appropriate, shall be the defendant.

42 U.S.C. 2000e-16(c) (emphasis added).  The statutory language clearly allows a plaintiff to pursue an enforcement action or an action challenging final agency action. The issue is whether a plaintiff can do both.

Under longstanding Supreme Court authority, federal employees have the right to trial *de novo* of their employment discrimination claims.  Chandler v. Roudebush, 425 U.S. 840 (1976).  Courts have subsequently held that "trial *de novo* requires a trial of all the issues in a particular case. . . .as distinguished from an "appeal where in appellate court reviews the record and makes a determination concerning specific errors." Cocciardi v. Russo, 721 F.Supp. 735, 737 (E.D. Pa. 1989).

In Morris v. Rumsfeld, 420 F.3d 287, 294 (3d Cir. 2005), cert. denied, 2006 WL 986040 (April 17, 2006), the court held that when a federal employee seeks to challenge in whole or in part, the court must consider those claims *de novo*.  Likewise in Scott v. Johanns, 409 F.3d 471-72 (D.C. Cir. 2005), cert. denied, 126 S.Ct. 1121 (2006), the court observed, "Under Title VII, federal employees who secure a final administrative disposition finding discrimination and ordering relief have a choice: they may either accept the disposition and its award, or file a civil action, trying *de novo* both liability and remedy.  They may not, however, seek *de novo* review of just the remedial award. . . ." See also Timmons v. White, 314 F.3d 1129, 1233 (10th Cir. 2003) ("[W]e believe that the

5

better-reasoned cases hold that a plaintiff seeking relief under §2000e-16 is not entitled to litigate those portions of an EEOC decision believed to be wrong, while at the same time binding the government on those issued in his or her favor."); Herron v. Veneman, 305 F.Supp.2d 64, 76 (D.D.C. 2004) ("[T]he better-supported and reasoned view is that a plaintiff is not entitled to a limited or fragmented trial *de novo* on damages without having to religitate favorable decision on liability). Accord Koock v. Potter, No. 04-73610, 2005 WL 1593448 (E.D. Mich July 6, 2005) (O'Meara, J.) (nothing that even if the plaintiff's suit had been filed in a timely fashion, his complaint, which sought to litigate only compensatory damages relative to two of his three claims, was contrary to 42 U.S.C. § 2000e-16).

Plaintiff has failed to provide the Court with any persuasive authority affording her the right to a fragmented review. In her response to Defendant's motion, Pamplin seeks leave to amend her Complaint to delete paragraphs 7 through 13. Such leave is freely given. See Foman v. Davis, 371 U.S. 178, 182 (1962) (("In the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant,... undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-- the leave should, as the rule requires, be 'freely given'"). Nevertheless, here, Plaintiff's proposed amendment is futile for two reasons. Therefore the Court must deny the request.

First, Plaintiff is not entitled to partial *de novo* review and any attempt to hide the nature of her lawsuit by deleting those paragraphs revealing the nature of the claim, is an exercise in futility. Plaintiff may not selectively pursue a remedy on the claims she challenges, while foreclosing review on the claim for which she was awarded a remedy.

6

Second, Plaintiff has received compensatory damages and payment of counseling services and attorney fees.  She has not offered to return the money.  Nor did she reserve any rights with regard to the payment checks, and Defendant's expectation that the "payment rendered in full satisfaction of a valid order of an administrative agency should not be ignored or undone."  St. John v. Potter, 299 F. Supp.2d 125, 129 (E.D. N.Y. 2004).  See also Kloock, 3005 WL at *2 (observing that if the plaintiff pursued litigation of all of his claims in federal court, he would have to "disgorge the previously awarded compensatory damages, including attorneys fees and back pay").

### IV.  CONCLUSION

Accordingly, Defendants' Motion is **GRANTED**.  Plaintiff's Complaint is **DISMISSED** in its entirety.

**IT IS SO ORDERED.**


s/Marianne O. Battani
MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE


### CERTIFICATE OF SERVICE

Copies of this Order were mailed to William Woodard and Paul Wright on this date by ordinary mail and/or electronic filing.

s/Bernadette M. Thebolt
DEPUTY CLERK

7